*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MOSES RALPH AIKENS,

Defendant-Appellant.

FOR PUBLICATION
May 16, 2025
9:18 AM

No. 368187
Monroe Circuit Court
LC No. 19-245308-FH

Before: M. J. KELLY, P.J., and SWARTZLE and ACKERMAN, JJ.

PER CURIAM.

Defendant was convicted at trial of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b); two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b); and one count of attempted CSC-IV, MCL 750.520e(1)(b). Defendant argues that the prosecutor committed misconduct and that there was insufficient evidence to support the convictions. We affirm.

## I. BACKGROUND

In July 2018, 16-year-old HW was at the home of her friend, EM. Defendant, a friend of EM's father, was also there. According to HW, she was sitting outside at a bonfire when defendant leaned toward her, stroked her leg, and complimented her appearance. HW went inside the house, and defendant met her in the kitchen. Defendant leaned toward HW, and she thought that he was trying to kiss her. Someone came inside, and defendant left. HW tried to find EM, but when she could not find her, HW lay down on a couch in the living room. Defendant entered the room, grabbed HW's wrists, leaned against her, and pinned her hands above her head. With his other hand, defendant moved HW's underwear and shorts to the side. Defendant touched HW's genital area and inner thigh and then "put his fingers inside of [her] vagina." Defendant also performed cunnilingus on her. HW told defendant more than one time to stop. Defendant eventually stood up, grabbed HW's arm, and tried to pull it toward his penis, while he pulled out his penis with his other hand. HW "yanked back" her hand and told defendant to stop. Defendant ultimately backed away from HW.

Defendant was convicted of the offenses at a trial, but this Court vacated the convictions in a previous appeal on the basis of "defense counsel's failure to object to the improperly admitted evidence of defendant's prior convictions." *People v Aikens*, unpublished per curiam opinion of the Court of Appeals, issued October 20, 2022 (Docket No. 352950), p 8.

During defendant's second trial, HW testified consistent with her testimony during the first trial. In contrast to HW's version, EM testified that, after HW went inside the home to go to bed, EM was with defendant the rest of the night, and defendant did not go inside. The next morning, HW did not say anything to EM about defendant. EM's father testified that he did not see defendant interact with HW at the bonfire or go into the house at any point. Defendant testified that he did not touch HW, talk to her, or go into the house after the bonfire started. Testimony at trial also showed that forensic testing showed that the only DNA found on HW's underwear that night likely was HW's. Testing on HW's sweatshirt showed the presence of DNA from three individuals, none of which matched defendant.

Throughout the trial proceedings, the prosecutor referred to HW as the "victim" during jury selection, opening statement, witness testimony, and closing argument. Defense counsel did not object to the use of the term "victim," and he indicated that he was satisfied with the jury instructions, which included the standard instruction that the attorneys' questions and statements were not evidence. The jury convicted defendant of all counts.

Defendant now appeals.

## II. ANALYSIS

### A. PROSECUTORIAL ERROR

First, on appeal, defendant argues that the prosecutor denied him a fair trial by repeatedly referring to HW as "the victim."[1] Because defense counsel did not object to these statements at trial, we review the claim for plain error affecting substantial rights. *People v Clark*, 330 Mich App 392, 433; 948 NW2d 604 (2019). To obtain relief under the plain-error rule, a defendant must show that an error occurred, the error was clear or obvious, and the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (cleaned up). An error affects substantial rights if it affected the outcome in the trial court. *Id*. Even when all three elements are met, reversal is warranted only when the error resulted in the conviction of an actually innocent person or seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 763-764.

---

[1] Defendant refers to these statements as "prosecutorial misconduct." "[A]lthough the term 'prosecutorial misconduct' has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015) (cleaned up).

When a defendant raises a claim of prosecutorial error on the basis of remarks made at trial, this Court "examin[es] the remarks in context, to determine whether the defendant received a fair and impartial trial." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Under the plain-error standard, this Court will not find error requiring reversal "if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction." *Id*. (cleaned up). Prosecutors have "wide latitude" to make arguments on the basis of the evidence presented and inferences made from that evidence. *People v Aldrich*, 246 Mich App 101, 112; 631 NW2d 67 (2001).

This Court recently held in *People v Wisniewski*, ___ Mich App ___, ___ NW3d ___ (2025) (Docket No. 361978); slip op at 17-18,[2] that a defendant had not shown plain error when the prosecutor referred to "the victim" during jury selection because the CSC statute refers to a complainant as a "victim." Specifically, MCL 750.520a(s) defines a "victim" as a "person alleging to have been subjected to criminal sexual conduct." According to the *Wisniewski* Court, "even to a layperson on the jury, the clear basis for maintaining the criminal proceedings is the fact that the prosecution believes that the complainant actually is 'the victim.'" *Wisniewski*, ___ Mich App at ___; slip op at 18. Accordingly, under this Court's precedent, the prosecutor's "use of that term could not have suggested anything to the jury of which it was not already aware." *Id*.

In this case, defendant has not demonstrated that an error occurred. "[D]efendant simply cannot establish plain error for the straightforward reason that no published Michigan decision or other authority of which we are aware precludes the prosecution from referring to the complainant as 'the victim.'" *Id*. In addition, we note that the jury instructions provided that the lawyers' statements and arguments were not evidence, and the prosecutor used the language provided for in the statute. In *Wisniewski*, ___ Mich App at ___; slip op at 17, the prosecutor mainly referred to "the victim" in jury selection, and the trial court specifically instructed the jury during preliminary instructions about the definition of the victim under MCL 750.520a(2). Similarly, considering the statements in this case in context, see *Watson*, 245 Mich App at 586, defendant has not demonstrated prejudice, even if there had been error.

Defendant relies on cases from other jurisdictions to support his argument. "Although decisions from other states are not precedentially binding, they may be considered persuasive." *People v Baham*, 321 Mich App 228, 240 n 2; 909 NW2d 836 (2017). Under our statutes and caselaw, however, defendant has not demonstrated that a clear error occurred that changed the outcome of the proceedings. See *Carines*, 460 Mich at 763. In the context of the trial, during which it was clear that the prosecutor sought conviction on the basis of HW being a victim, the prosecutor's statements did not constitute plain error requiring reversal.

## B. SUFFICIENCY OF THE EVIDENCE

Next, defendant argues that there was insufficient evidence to convict defendant. We review de novo the sufficiency of the evidence for a conviction. *People v Hawkins*, 245 Mich App

---

[2] The defendant in *Wisniewski* has filed an application for leave to appeal in our Michigan Supreme Court, partly on the basis of the prosecutor's use of the term "victim" at trial. *People v Wisniewski* (Docket No. 168195).

439, 457; 628 NW2d 105 (2001). "[T]his Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). Under this deferential standard, we make all reasonable inferences and credibility determinations in favor of the jury verdict. See *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). "The prosecution need not negate every reasonable theory of innocence; it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020).

Under MCL 750.520d(1)(b), a person is guilty of CSC-III if he uses force or coercion to accomplish sexual penetration of another person. Force or coercion includes "overcom[ing] the victim through the actual application of physical force or physical violence." MCL 750.520b(1)(f)(*i*). "Sexual penetration" includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings." MCL 750.520a(r). A person is guilty of CSC-IV if he uses force or coercion to engage in sexual contact with another person. MCL 750.520e(1)(b). "Sexual contact" means the intentional touching of the victim's or actor's intimate parts, or the clothing covering the victim's or actor's intimate parts, if it is reasonable to construe that intentional touching as being done for a sexual purpose or in a sexual manner. MCL 750.520a(q).

Defendant argues that, because the only evidence that he committed any sexually inappropriate act was HW's testimony, there was insufficient evidence for a reasonable jury to convict him. MCL 750.520h specifically provides, however, that a victim's testimony "need not be corroborated in prosecutions under section 520b to 520g." Accordingly, it was not improper for the jury to find that HW's testimony alone was sufficient to demonstrate beyond a reasonable doubt that defendant committed these offenses.

As to one count of CSC-III, HW testified that defendant pushed aside her underwear and penetrated her vagina with his fingers. Defendant leaned above her and pinned her hands over her head, constituting force. For the second count of CSC-III, HW testified that defendant pinned down her hands and performed cunnilingus. This was sufficient evidence from which the jury could find beyond a reasonable doubt that defendant used force to commit penetration. See MCL 750.520d(1)(b).

HW also testified, related to the two charges of CSC-IV, that defendant touched her genital area and her inner thigh. Considering all of the evidence of defendant complimenting HW's appearance, going inside the house after her, and the actions he took toward her on the couch, it was reasonable for the jury to conclude that this was done for a sexual purpose. See MCL 750.520a(q). HW's testimony about defendant pinning her wrists above her head when he made this sexual contact constituted force to support the charge. See MCL 750.520e(1)(b).

Finally, although defendant did not make a direct argument about his attempted CSC-IV conviction, HW's testimony that defendant attempted to force her to touch his penis constituted sufficient evidence from which a reasonable jury could find defendant guilty. There was conflicting evidence from various witnesses at trial, but it was the role of the jury to hear that evidence and make its findings of fact. See *Oros*, 502 Mich at 239. The prosecutor presented sufficient evidence for the jury to find guilt beyond a reasonable doubt.

Affirmed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman